UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KATRINA WISCHMANN,                )
                                  )   No. CV-09-179-CI
          Plaintiff,              )
                                  )
v.                                )   ORDER GRANTING DEFENDANT'S
                                  )   MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,                )   AND DENYING PLAINTIFF'S
Commissioner of Social            )   MOTION FOR SUMMARY JUDGMENT
Security,                         )
                                  )
          Defendant.              )
                                  )
_____ )

     BEFORE THE COURT are cross-Motions for Summary Judgment.  (Ct.
Rec. 13, 15.)   Attorney Maureen J. Rosette represents Plaintiff;
Special Assistant United States Attorney Nancy Mishalanie represents
Defendant.   The parties have consented to proceed before a magistrate
judge.  (Ct. Rec. 8.)   After reviewing the administrative record and
briefs filed by the parties, the court **DENIES** Plaintiff's Motion for
Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

                          **JURISDICTION**

     Plaintiff Katrina Wischmann (Plaintiff) filed for supplemental
security income (SSI) on November 26, 2007. (Tr. 18.)   Plaintiff
alleged an onset date of July 11, 2004.  (Tr. 55.)   Benefits were
denied initially and on reconsideration.  (Tr. 32, 38.)   Plaintiff
requested a hearing before an administrative law judge (ALJ), which
was held before ALJ Gene Duncan on December 10, 2008.  (Tr. 268-309.)
Plaintiff was represented by counsel and testified at the hearing.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

(Tr. 269-71, 277-98.)  Medical expert Dr. Ronald Klein and vocational expert Fred Cutler also testified.  (Tr. 271-77, 298-309.)  The ALJ denied benefits (Tr. 18-28) and the Appeals Council denied review. (Tr. 5.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, and will therefore only be summarized here.

Plaintiff has a high school diploma and a certificate from a computer repair training course.  (Tr. 269-70.)  Her only work experience is a brief stint as a hostess in a restaurant during high school.  (Tr. 279.)  Plaintiff testified that pain in her right side, low back, neck, shoulders, buttocks and legs prevents her from working.  (Tr. 280.)  She has pain on a daily basis and nothing relieves her pain.  (Tr. 281.)  At the time of the hearing, she was taking over-the-counter pain relievers and had not seen a physician for more than year.  (Tr. 282.)  She tries to relieve pain by taking hot showers, laying down with a heating pad and propping her knees with a pillow.  (Tr. 283.)  Plaintiff testified she does not have mental health problems and she has no memory or concentration problems.  (Tr. 270, 288.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's]

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If

the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 26, 2007, the application date.  (Tr. 20.)  At step two, he found Plaintiff has the following severe impairments: sacroiliitis and a persistent disc bulging/herniation at the L5-S1 level without evidence of nerve compression or displacement.  (Tr. 20.)  The ALJ specifically found indications of depression and anxiety disorders are not severe impairments.  (Tr. 20.)  At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 23.)  The ALJ then determined:

> [C]laimant has the residual functional capacity for a limited range of *light* and wide range of *sedentary* level work activity.  Specifically, she can lift 20 pounds occasionally and 10 pounds regularly/frequently, but could only stand/walk alternatively two hours in an 8-hour workday.  She can only occasionally operate foot controls, bend, stoop or crouch, and was restricted from climbing, unprotected heights (no ropes, ladders, or scaffolds) or dangerous machinery.

(Tr. 24.)  At step four, the ALJ found Plaintiff has no past relevant work.  (Tr. 26.)  After considering Plaintiff's age, education, work experience, and residual functional capacity and the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

perform.  (Tr. 26.)  Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since November 26, 2007, the date the application was filed.  (Tr. 27.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, Plaintiff asserts the ALJ did not properly consider her testimony or the opinion of one of her treating providers.  (Ct. Rec. 16 at 16-17.)  Defendant argues the ALJ properly evaluated the medical evidence and properly found Plaintiff's allegations regarding her limitations not credible.  (Ct. Rec. 16 at 7-19.)

**DISCUSSION**

**1.   Credibility**

Plaintiff argues the ALJ's credibility finding does not properly identify the testimony he determined to be not credible.  (Ct. Rec. 14 at 16-17.)  In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.  20 C.F.R. § 4416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

claimant's subjective complaints. *Id.* at 346.   The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings.  *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.  *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999).   In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

In this case, the ALJ found Plaintiff's statement concerning the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the RFC assessment. (Tr. 25-26.)  Plaintiff argues the ALJ did not specifically discuss why her testimony that she must lie down with a heating pad up to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

seven times a day for 30 minutes was rejected. (Ct. Rec. 14 at 16-17.) Plaintiff also asserts the ALJ did not state why Plaintiff's limited abilities to sit, stand, walk, lift and carry were not credible. (Ct. Rec. 14 at 17.) However, the ALJ mentioned Plaintiff's testimony regarding her need to lay down with a heating pad and "her current testimonial assertions of disability limitations," which includes her claimed limitations on sitting, standing, walking, lifting and carrying. (Tr. 24-25.) The ALJ provided several reasons for rejecting Plaintiff's credibility, all of which are legally sufficient and supported by substantial evidence.

First, the ALJ found that although Plaintiff has a mild disc herniation, her subjective complaints have repeatedly been found to be out of proportion to all objective and clinical evidence. (Tr. 25.) While a claimant's pain testimony may not be rejected solely because it is unsupported by objective medical findings, *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989), objective medical evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques is a useful indicator in making reasonable conclusions about the intensity and persistence of symptoms. 20 C.F.R. § 416.929(c)(2). *See, also, Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). In evaluating credibility, the ALJ should consider the degree to which the individual's statements are consistent with the medical signs and laboratory findings and other information provided by medical sources, including information about medical history and treatment. S.S.R. 96-7p. The ALJ, therefore, properly considered the results of objective clinical evidence in evaluating Plaintiff's testimony.

The ALJ cited Dr. Henry, Plaintiff's treating physician, who

indicated that he tried every modality available with little success. (Tr. 123.)   Dr. Henry referred Plaintiff to a physiatrist for additional pain treatment, but Plaintiff failed to make an appointment. (Tr. 124-25.)   Dr. Henry noted that Plaintiff said she had been given "the runaround" from the physiatrist's office, but the physiatrist's office reported leaving multiple messages which had not been returned by Plaintiff.   (Tr. 124.)   Furthermore, the ALJ observed that Plaintiff failed to pursue physical therapy. (Tr. 20-21, 25.)   After five physical therapy treatments, Plaintiff said she would call to schedule additional appointments but the record reflects no additional visits. (Tr. 117.)

Additionally, the ALJ pointed out a treating provider described Plaintiff's complaints of low back pain, numbness and tingling in her feet, increased lower back pain, insomnia, anxiety, nausea and vomiting as "multiple somatic complaints." (Tr. 25, 253.) An orthopedist who evaluated Plaintiff in 2006 identified "significant functional overlay" and questioned her motivation to work. (Tr. 25, 158.) A 2008 physical evaluation was unremarkable. (Tr. 25, 221-23.) Indeed, Dr. Rose, the examining physician, noted the findings were neither consistent with the severity of Plaintiff's complaints, nor were the complaints consistent with radiographic or medical source data in the file. (Tr. 223.)

The ALJ also cited 2006 psychological testing which revealed Plaintiff has a personality profile of an individual who would report a wide variety of physical problems which tend to wax and wane, and secondary gain is often present. (Tr. 25.) In 2008, Dr. Everhart conducted a psychological examination and noted that Plaintiff exhibited some pain behaviors, but her persistence was good and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

1 attention and concentration were maintained. (Tr. 219.) Dr.

2 Everhart's only diagnosis was adjustment disorder with anxiety and

3 depressed mood, mild, and she assessed a GAF of 70. (Tr. 218-19.)

4     The foregoing evidence was reasonably considered by the ALJ in

5 evaluating Plaintiff's complaints. The opinions of and objective

6 testing conducted by Plaintiff's treating and examining physicians and

7 psychologists supports the ALJ's conclusion that Plaintiff's

8 complaints are out of proportion to the medical evidence.

9     A second reason cited by the ALJ in rejecting Plaintiff's pain

10 testimony is that, despite numerous evaluations and consultations,

11 Plaintiff has had no significant treatment other than narcotic pain

12 medication since 2004. (Tr. 25.) Medical treatment received to

13 relieve pain or other symptoms is a relevant factor in evaluating pain

14 testimony. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The

15 ALJ is permitted to consider the claimant's lack of treatment in

16 making a credibility determination. *Burch v. Barnhart*, 400 F.3d 676,

17 681 (9th Cir. 2005). Plaintiff had limited chiropractic and physical

18 therapy treatments and a course of steroid injections, but no surgical

19 or other significant intervention was been indicated. (Tr. 81-103,

20 108-11, 113-17.) Additionally, Plaintiff testified at the hearing

21 that she has not been treated by a doctor for back pain in over a year

22 and that she was taking only over-the-counter pain relievers. (Tr.

23 281-82.) A lack of prescription medication is an appropriate

24 consideration in determining credibility. *See Tidwell v. Apfel*, 161

25 F.3d 599, 602 (9th Cir. 1998). The ALJ noted his interpretation of the

26 lack of medical treatment is supported by other evidence such as the

27 description of Plaintiff's complaints as somatic, Dr. Henry's

28 dismissal of Plaintiff as a patient, and Plaintiff's personality

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

profile indicative of individuals endorsing somatic complaints for secondary gain. (Tr. 25.) The ALJ's conclusion that a lack of significant treatment suggests Plaintiff's pain complaints are exaggerated is a reasonable interpretation of the evidence, and the ALJ's reasoning is supported by substantial evidence.

Third, the ALJ cited inconsistencies between Plaintiff's activities of daily living and her testimony regarding disability limitations. (Tr. 25.) Evidence about daily activities is properly considered in making a credibility determination. *Fair*, 885 F.2d at 603. However, a claimant need not be utterly incapacitated to be eligible for benefits. *Id.* Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be possible to rest or take medication. *Id.* Yet daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of the day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Despite testimony to the contrary, Plaintiff reported to Dr. Everhart that she was able to do dishes, laundry, cooking, cleaning and grocery shopping.[1] (Tr. 218.) Dr. Everhart also noted Plaintiff needs no help with her activities of daily living and Plaintiff reported that she enjoys reading for a couple of hours at a time, playing video games, talking on the phone and being around people. (Tr. 218-19.) The ALJ reasonably interpreted Plaintiff's reported activities and her inconsistent testimony about those

---

[1]Plaintiff testified that she does not do dishes, clean, sweep, mop, or vacuum. She testified that she occasionally goes for short grocery runs. (Tr. 284.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

activities as undermining her credibility.

Based on the foregoing, the ALJ's credibility analysis is sufficiently specific and detailed to demonstrate the ALJ did not arbitrarily dismiss Plaintiff's pain complaints. *See Morgan*, 169 F.3d at 601-02. The reasons cited by the ALJ for rejecting Plaintiff's testimony are clear and convincing and are supported by substantial evidence. Thus, the ALJ did not err.

**2.   Ms. Hendrickson**

Plaintiff asserts the ALJ did not provide reasons for disregarding the opinion of Carolyn Hendrickson, ARNP. (Ct. Rec. 14 at 17.) On January 25, 2006, Ms. Hendrickson completed a DSHS physical evaluation form after an office visit. (Tr. 250, 258-61.) Ms. Hendrickson indicted that Plaintiff's low back strain and disc protrusion at L5-S1 caused a "very significant" interference with Plaintiff's ability to perform one or more basic work-related activities. (Tr. 260.) She opined that Plaintiff's work level was "severely limited," defined as "unable to lift at least 2 pounds or unable to stand and/or walk." (Tr. 260.)

In a disability proceeding, the ALJ must consider the opinions of acceptable medical sources. 20 C.F.R. §§ 404.1527(d), 416.927(d); S.S.R. 96-2p; S.S.R. 96-6p. Acceptable medical sources include licensed physicians and psychologists.[2] 20 C.F.R. §§ 404.1513(a), 416.913(a). In addition to evidence from acceptable medical sources, the ALJ also may use evidence from "other sources" including nurse

---

[2]Other acceptable medical sources are licensed podiatrists and optometrists and qualified speech-language pathologists, in their respective areas of specialty only. 20 C.F.R. §§ 404.1513(a), 416.913.(a).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources.    20 C.F.R. §§ 404.1513(d), 416.913(d).

Social Security Ruling 06-3p summarizes regulations providing that only an acceptable medical source can: (1) establish the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source.    Evidence from other sources can be used to determine the severity of an impairment and how it affects the ability to work.    S.S.R. 06-3p; 20 C.F.R. §§ 404.1513(d), 416.913(d).    "Information from other sources cannot establish the existence of a medically determinable impairment. . . . However, information from 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."    S.S.R. 06-3p.

In evaluating the evidence, the ALJ should give more weight to the opinion of an acceptable medical source than that of an "other source."    20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).    However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work."    *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

An ALJ must give reasons "germane" to lay witness testimony before discounting it.    *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993).    It is appropriate to discount lay testimony if it conflicts with medical evidence. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).    Lay testimony can never establish disability absent corroborating competent medical evidence. *See Nguyen v. Chater*, 100

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

1   F.3d 1462, 1467 (9th Cir. 1996).

2       Ms. Hendrickson is an ARNP, or "other source," so the ALJ was

3   required to provide germane reasons for rejecting the opinion.

4   Although Plaintiff asserts the ALJ "did not provide any reason as to

5   basically why he disregarded Carolyn Hendrikson's [sic] opinion," the

6   ALJ did discuss the opinion and explained why it was rejected.  (Ct.

7   Rec. 14 at 17, Tr. 21.)

8       First, the ALJ noted that Ms. Hendrickson's opinion is not

9   supported by the clinical or objective evidence.  (Tr.  21.)

10  Inconsistency with medical evidence is a germane reason for rejecting

11  lay witness evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th

12  Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  Among

13  other evidence supporting the ALJ's conclusion is an orthopedic

14  evaluation in September 2006 which indicated lumbar disc pathology

15  with subjective nerve complaints, neck pain without any objective

16  findings, and functional overlay interfering with the evaluation.

17  (Tr. 21, 158.)  The orthopedist concluded Plaintiff was capable of

18  light work.  (Tr. 158.)  Additionally, a physical evaluation in March

19  2008 revealed that despite Plaintiff's pain complaints, the

20  examination was unremarkable.  (Tr. 21, 221-23.)  It was noted that

21  the  findings were inconsistent with the severity of the complaints

22  and the complaints were inconsistent with the radiographic and medical

23  source data.  (Tr. 223.)  The ALJ properly gave these opinions from

24  acceptable medical sources supported by objective findings more weight

25  than Ms. Hendrickson's opinion.  Therefore, the ALJ's first reason for

26  rejecting Ms. Hendrickson's opinion is germane to the witness and is

27  supported by substantial evidence.

28      Second, the ALJ pointed out that Plaintiff admitted being more

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

functionally and physically active than indicated by Ms. Hendrickson's opinion. (Tr. 21.) Ms. Hendrickon's assessment indicates Plaintiff is unable to lift two pounds and is unable to stand or walk. (Tr. 260.) Plaintiff testified she can lift two to four pounds and reported she can sit or stand for 15-20 minutes at a time. (Tr. 60, 280.) Plaintiff testified that she can stand for five minutes and can walk a city block. (Tr. 279.) The ALJ's determination that Plaintiff's own admissions undermine the reliability of Ms. Hendrickson's assessment is appropriate. Therefore, the ALJ's second reason for rejecting Ms. Hendrickson's opinion is germane and is supported by substantial evidence.

Third, the ALJ pointed out that Ms. Hendrickson's opinion was generated at Plaintiff's request to re-establish general assistance benefits. (Tr. 21.) Ms. Hendrickson's January 2006 notes state that Plaintiff "presents to the clinic a GAU evaluation. Apparently she has lost her benefits and needs to get those reestablished." (Tr. 250.) The ALJ went on to assert, "DSHS evaluations are known to be lenient, and for the primary purpose of continuing claimants' assistance benefits." This portion of the ALJ's analysis is not based on evidence in the record and is also not germane to the witness. However, because the ALJ cited other germane reasons for rejecting the opinion, any error by the ALJ is harmless because it does not affect the ALJ's ultimate nondisability determination. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

The ALJ cited germane reasons for rejecting Ms. Hendrickson's opinion. Ms. Hendrickson's assessment is inconsistent with evidence

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -16

1 from acceptable medical sources and with Plaintiff's own testimony.

2 As a result, the ALJ did not err in rejecting the opinion.

3                                **CONCLUSION**

4     Having reviewed the record and the ALJ's findings, this court

5 concludes the ALJ's decision is supported by substantial evidence and

6 is not based on error.  Accordingly,

7     **IT IS ORDERED:**

8     1.  Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is

9 **GRANTED.**

10    2.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

11 **DENIED.**

12    The District Court Executive is directed to file this Order and

13 provide a copy to counsel for Plaintiff and Defendant.  Judgment shall

14 be entered for Defendant and the file shall be **CLOSED.**

15    DATED July 12, 2010.

16

17            S/ CYNTHIA IMBROGNO
           UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -17